IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN DAWAYNE WILLIS,

        Plaintiff,

   v.

STATE OF OREGON; OREGON
STATE BAR; JUDGE STEFFAN
ALEXANDER; and DET. JASON M.
ANDERSON,

        Defendants.

Case No. 3:21-cv-01836-JR

ORDER

RUSSO, Magistrate Judge.

    Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. For the reasons set forth below, plaintiff must file an Amended Complaint and, further, the Court denies plaintiff's Motion for Appointment of Counsel.

1 - ORDER

## BACKGROUND

Plaintiff alleges defendant Judge Steffan Alexander violated plaintiff's rights by issuing a warrant for plaintiff's arrest without an indictment or grand jury proceeding. Plaintiff alleges defendant Anderson signed an affidavit in support of the warrant. By way of remedy, plaintiff seeks money damages, as well as expungement of all records of the arrest warrant. Plaintiff also moves for appointment of counsel.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**DISCUSSION**

I.      **Complaint**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Judges are immune from liability for damages, declaratory relief, and generally for injunctive relief sought because of judicial acts performed in their judicial capacity.  Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (superseded by statute on other grounds); Mullis v. U.S. Bankr. Court for Dist. of Nev., 828 F.2d 1385, 1388 (9th Cir. 1987); see also Craig v. Villicana, 676 F. App'x 716 (9th Cir. 2017).  To qualify for judicial immunity, a judge must have performed "judicial acts" within the scope of his or her jurisdiction.  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity."  McGuire v. Clackamas Cty. Counsel, Case No. 08-CV-1098-AC, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009) (citing Stump, 435 U.S. at 362).  Judges "enjoy absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority."  Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989).  Plaintiff's claim against Judge Alexander involves conduct executed within the Judge's judicial capacity.  Accordingly, Judge Alexander is immune from suit.

As to defendant Anderson, plaintiff alleges misconduct in the prosecution of a criminal case against him. Plaintiff does not, however, allege the status of his current confinement, whether he is confined as a pretrial detainee or as a result of a conviction and sentence.[1] A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983, "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Heck has also been applied to pretrial detainees and to claims arising out of pending charges. Alvarez-Machain v. United States, 107 F.3d 696, 700–701 (9th Cir. 1996); see also Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1988) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded charges against him). However, the Supreme Court has announced that the Heck rule bars an action only if there is an existing conviction. See Wallace v. Kato, 549 U.S. 384, 393 (2007).

In Wallace, the Supreme Court held that *Heck* does not encompass the principle that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." Id. Instead of requiring dismissal of civil claims filed in the shadow of an impending criminal case under Heck, the Supreme Court noted that if a plaintiff files

---

[1] The Court notes, however, that plaintiff has at least one pending criminal case in Multnomah County Circuit Court Case No. 21CR30759, wherein plaintiff has pleaded not guilty to charges of Arson and Criminal Mischief. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of matters of public record).

4 - ORDER

a § 1983 false arrest claim before he is convicted, or "any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94. If the plaintiff is then convicted, and the civil suit would impugn that conviction, Heck then requires dismissal. Id. Otherwise, the case may proceed. Id.

Because it is not clear from the face of the Complaint whether plaintiff has been convicted of a crime, and because plaintiff does not allege that any such conviction has been invalidated, to the extent plaintiff alleges his current confinement results from the alleged unconstitutional conduct of defendant Anderson, plaintiff's Complaint is subject to dismissal.

Finally, plaintiff does not allege any involvement by defendants "State of Oregon" or the "Oregon State Bar" in the alleged violation of his rights. In any event, the Eleventh Amendment bars suit in federal court against either a state or an agency acting under its control absent a clear and equivocal waiver. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curium) (noting that "[t]here can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to filing of such a suit"). The State of Oregon has not consented to be sued in federal court or otherwise waived its immunity. See Webber v. First Student, Inc., 928 F. Supp. 2d 1244, 1269 (D. Or. 2013) (noting that the Oregon Tort Claims Act "provides a limited waiver of . . . sovereign immunity for the torts of [State] officers, employees and agents" but does not waive immunity to suit in federal court). Finally, the "Oregon State Bar" is considered a private entity and not a government actor, however plaintiff

did not state any grounds upon which relief may be granted under § 1983. Johnson v. Peters, Case No. 2:17-cv-01872-JR, 2018 WL 11149809, at *2 n.1 (D. Or. Jan. 31, 2018).

### II.    Motion for Appointment of Counsel

Plaintiff moves for a court-appointed attorney. Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, under 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. United States Dist. Ct. of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335-36. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn, 789 F.2d at 1331.

It is not appropriate to appoint counsel under 28 U.S.C. § 1915(e) when the Court determines a Complaint should be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Accordingly, the Court denies plaintiff's motion for appointment of counsel.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised

that failure to file an Amended Complaint, or failure to cure the deficiencies noted above, shall result in the dismissal of this proceeding.

    IT IS FURTHER ORDERED that plaintiff's Motion for Appointment of Counsel (ECF No. 5) is DENIED.

    IT IS SO ORDERED.

    DATED this   24th   day of February 2022.

                                 /s/ Jolie A. Russo
                                Jolie A. Russo
                                United States Magistrate Judge